UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RODNEY S. PERRY, SR., <br><br> Plaintiff, <br><br> v. <br><br> LOTT, <br><br> Defendant. | CAUSE NO. 3:22-CV-259-DRL-MGG |

OPINION AND ORDER

Rodney S. Perry, Sr., a prisoner without a lawyer, filed an amended complaint against Lt. Lott. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Perry alleges that, on December 15, 2021, he was transferred from Pendleton Correctional Facility to Indiana State Prison pursuant to a settlement agreement that required he be transferred to a different facility. On December 29, 2021, he was placed in administrative segregation. Mr. Perry was being escorted to administrative segregation when he was met by Lt. Lott. Lt. Lott had his officers take Mr. Perry to the 3 West range and place him in cell 330. The cell had not been cleaned before his arrival. Mr. Perry

indicates the toilet had human excrement in it and dried around the rim, in addition to urine on the floors and walls surrounding the toilet. The plumbing was leaking such that there was standing water on the floor, and the cell was infested with mice and baby roaches. Mr. Perry indicates that Lt. Lott is responsible for the day-to-day conditions of the unit, including its cleanliness. He faults Lt. Lott for not having the cell cleaned and inspected prior to his arrival.

Nearly a month later, on January 24, 2022, Mr. Perry woke up when he was bit by a mouse. On January 25, 2022, Mr. Perry was moved to E-423. It was also filthy, but the water was not leaking. Neither cell was cleaned, and Mr. Perry was not provided with cleaning supplies so that he could clean the cells himself. On January 27, 2022, Mr. Perry notified Lt. Lott of the unsanitary conditions and the infestation. On January 31, 2022, Mr. Perry filed a grievance against Lt. Lott regarding the conditions of his cell. He was housed in these two cells for over sixty days.

On April 7, 2022, Mr. Perry was moved to 2 West cell 204, which is where he remains. This cell is also infested with mice and roaches.

Mr. Perry wants the court to order that he be transferred to the general population of a level 2 correctional facility. He also seeks to be removed from administrative segregation status at Indiana State Prison. Finally, he seeks monetary damages.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834

(1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the court of appeals has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

Giving Mr. Perry the benefit of the inferences to which he is entitled at this stage of the case, he will be permitted to proceed against Lt. Lott for subjecting him to unconstitutional conditions of confinement from December 29, 2021, to present, in violation of the Eighth Amendment. Because Mr. Perry reports that he is still housed with mice and roaches, the court will direct the clerk to add the Warden of Indiana State Prison as a defendant and will permit Mr. Perry to proceed against the Warden of the Indiana

State Prison in his official capacity for injunctive relief in the form of constitutional conditions of confinement. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out."). However, this case is only about the conditions of Mr. Perry's confinement; and, if he prevails, the warden will be ordered only to ensure that he is housed in conditions of confinement that do not violate the Constitution. *See Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012). The court will not order that this be accomplished in any particular way, such as transfer or removal from administrative segregation.

Mr. Perry has also filed an unsigned "Second Motion for Leave to Proceed in forma pauperis without prepaying the initial partial filing fee and directing further proceedings." ECF 13. In it, he asks the court to proceed with screening his case though he is unable to pay the entire amount of the initial partial filing fee assessed by the court. Mr. Perry has already been granted *in forma pauperis* status (ECF 11), and the court has now screened his complaint. Accordingly, the motion will be denied as moot.

For these reasons, the court:

(1) DENIES AS MOOT the Second Motion for Leave to Proceed in forma pauperis without prepaying the initial partial filing fee and directing further proceedings" (ECF 13);

(2) DIRECTS the clerk to add Warden Ron Neal in his official capacity as a defendant;

4

(3) GRANTS Rodney S. Perry, Sr. leave to proceed against Warden Ron Neal in his official capacity for injunctive relief to provide Rodney S. Perry, Sr., with constitutional conditions of confinement, as required by the Eighth Amendment;

(4) GRANTS Rodney S. Perry, Sr. leave to proceed against Lt. Lott in his individual capacity for compensatory and punitive damages for subjecting Rodney S. Perry, Sr., to unconstitutional conditions of confinement from December 29, 2021, to present, in violation of the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Warden Ron Neal and Lt. Lott at the Indiana Department of Correction, with a copy of this order and the amended complaint (ECF 10);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Ron Neal and Lt. Lott to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

June 17, 2022                                               *s/ Damon R. Leichty*
                                                                          Judge, United States District Court