UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODNEY S. PERRY, SR.,

    Plaintiff,

v.                                CAUSE NO. 3:22-CV-259-DRL-MGG

LOTT,

    Defendant.

## OPINION AND ORDER

Rodney S. Perry, Sr., a prisoner without a lawyer, alleges that he has been housed in an area infested with mice and roaches and that he has not been provided with adequate cleaning supplies. He was bit by a mouse in January 2022, and the infestation has caused him emotional distress. He was granted leave to proceed against Warden Ron Neal in his official capacity for injunctive relief to provide Rodney S. Perry, Sr., with constitutional conditions of confinement, as required by the Eighth Amendment. He was also granted leave to proceed against Lt. Lott in his individual capacity for compensatory and punitive damages for subjecting Rodney S. Perry, Sr., to unconstitutional conditions of confinement from December 29, 2021, to present, in violation of the Eighth Amendment. Now, Mr. Perry has filed a motion seeking a temporary restraining order and preliminary injunction ordering the defendants to provide additional access to cleaning supplies, including mops, gloves, chemicals, and paper towels. ECF 28-1 at 11.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of

persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted).

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted).

Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the

> Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

Mr. Perry's motion, memorandum, multiple declarations, and exhibits are lengthy, but also repetitive and devoid of details. It is clear from Mr. Perry's filings that there is still a problem with mice and roaches in the area where he is housed, although the magnitude of the problem is unclear. It is also clear that some effort has been made to remediate the problem; Mr. Perry notes that pest control has used poison to attempt to control the infestation. ECF 28 at 4. Though mice and roaches may thrive in an environment where there is plenty of food, it is unclear why Mr. Perry believes that simply providing him with cleaning supplies is likely to eliminate the problem, given that both mice and roaches eat a wide range of substances. *See* https://www.salon.com/2022/07/03/cockroaches-are-evolving-to-prefer-low-sugar-diets-that-could-be-news-for-humans/ (last visited July 21, 2022) ("When hungry, roaches will eat anything — including hair, paper, books, building material and a wide range of decaying life forms (including other dead roaches)."); https://en.wikipedia.org/wiki/Mouse#Diet (last visited July 21, 2022) ("[M]ice adapt well to urban areas and are known for eating almost all types of food scraps."). It is speculative at best to believe that proving Mr. Perry with additional cleaning supplies would make a meaningful difference in the mice and roach population in his unit.

Furthermore, some cleaning has occurred. An officer sanitized the area on March 23, 2022, and March 29, 2022. ECF 28-2 at 2. Cleaning chemicals were provided to inmates the last week of April. *Id.* On May 7, 2022, areas were power washed by a sanitation crew, and Mr. Perry was provided with cleaning chemicals to use to clean his cell. ECF 28-2 at 3; ECF 28-4 at 5. On May 10, 2022, Mr. Perry was provided with a miniature broom, so he has a means to clean any crumbs off his floor. *Id.* Mr. Perry is not satisfied with this: he wants daily or weekly access to cleansers, cleaning chemicals, a mop and bucket, gloves, toilet brush, and scratch pad. *Id.*

After reviewing the record, the court cannot find that Mr. Perry had demonstrated he is likely to succeed on the merits or suffer irreparable harm in the absence of a preliminary injunction. Mr. Perry suffered from a single bite from a mouse approximately six months ago. He may not be able to keep his cell as clean as he would like, but he has been provided with cleaning chemicals periodically and access to a miniature broom. Actions are being taken to address the infestation of mice and roaches, and nothing in the record suggests that the defendants are deliberately indifferent to the need to address either the infestation or the need for periodic access to cleaning supplies.

For these reasons, the request for a temporary restraining order and preliminary injunction (ECF 28) is DENIED.

SO ORDERED.

July 22, 2022                                        *s/ Damon R. Leichty*
                                                     Judge, United States District Court