UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODNEY S. PERRY, SR.,

      Plaintiff,

      v.                                  CAUSE NO. 3:22-CV-259-DRL-MGG

LOTT *et al.*,

      Defendants.

OPINION AND ORDER

Rodney S. Perry, Sr., a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Warden Ron Neal in his official capacity for injunctive relief to provide Rodney S. Perry, Sr., with constitutional conditions of confinement, as required by the Eighth Amendment[.]" ECF 17 at 5. Second, he is proceeding "against Lt. Lott in his individual capacity for compensatory and punitive damages for subjecting Rodney S. Perry, Sr., to unconstitutional conditions of confinement from December 29, 2021, to present, in violation of the Eighth Amendment[.]" *Id.* The defendants filed a motion for summary judgment, arguing Mr. Perry did not exhaust his administrative remedies before filing this lawsuit. ECF 54. Mr. Perry filed a response, and the defendants filed a reply. ECF 61, 62.[1] The summary judgment motion is now fully briefed and ripe for ruling.

---

[1] Mr. Perry also filed a motion seeking leave to file a declaration in support of his response to the summary judgment motion. ECF 63. In the interests of justice, and taking Mr. Perry's *pro se* status into account, the motion will be granted. However, the court has reviewed the declaration, and it has no bearing on the outcome of the summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears on paper but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

The defendants argue Mr. Perry did not exhaust his administrative remedies because he filed a grievance that was rejected by the grievance office and he did not correct and resubmit the grievance. ECF 55 at 4-5. Specifically, the defendants provide evidence showing that, on January 31, 2022, Mr. Perry submitted a grievance alleging that his cell was filthy and he had not been provided adequate cleaning supplies. ECF 56-1 at 5-6; ECF 56-3. As relief, Mr. Perry requested that he be transferred to a different facility. ECF 56-1 at 6; ECF 56-3. On February 9, 2022, the grievance office rejected Mr. Perry's January 31 grievance on the basis that it requested improper relief, and informed Mr. Perry he needed to contact Classification to request a facility transfer. ECF 56-1 at 6; ECF

3

56-4. The grievance specialist attests he never received any revised grievance from Mr. Perry. ECF 56-1 at 6-7.

Here, it is undisputed the grievance office rejected Mr. Perry's January 31 grievance because he requested an improper remedy. However, the Offender Grievance Process specifically states that "No grievance shall be rejected because an offender seeks an improper or unavailable remedy[.]" ECF 56-2 at 7. Therefore, the undisputed facts show the grievance office made the grievance process unavailable to Mr. Perry by improperly rejecting his January 31 grievance. *See Dole*, 438 F.3d at 809 ("a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance"). Mr. Perry was not required to correct and resubmit his January 31 grievance when it was improperly rejected by the grievance office.[2]

Accordingly, because the undisputed facts show the grievance office made Mr. Perry's administrative remedies unavailable by improperly rejecting his January 31 grievance, the defendants have not met their burden to show Mr. Perry had available administrative remedies he did not exhaust before filing this lawsuit. Their motion for summary judgment must be denied.

For these reasons, the court GRANTS Mr. Perry's motion for leave to file a declaration (ECF 63) and DENIES the defendants' motion for summary judgment (ECF 54).

---

[2] Mr. Perry does provide evidence he corrected and resubmitted his January 31 grievance and never received any response from the grievance office. ECF 61 at 5-6; ECF 61-1 at 15-16. But the court need not reach this issue because the undisputed evidence shows the grievance office made Mr. Perry's administrative remedies unavailable by improperly rejecting his January 31 grievance.

4

SO ORDERED.

May 15, 2023

*s/ Damon R. Leichty*
Judge, United States District Court